IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GABRIELLE HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STEPHENS & MICHAELS | ) |
| ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, GABRIELLE HUNT, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, STEPHENS & MICHAELS ASSOCIATES, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. GABRIELLE HUNT, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Glen Ellyn, County of DuPage, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Verizon Wireless.

6. The debt that Plaintiff allegedly owed Verizon Wireless was for telephone services, which was for the personal use of Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. STEPHENS & MICHAELS ASSOCIATES, INC., (hereinafter, "Defendant") is a law firm. Defendant is engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of New Hampshire.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. <u>ALLEGATIONS</u>

14. On or about October 13, 2009 Plaintiff engaged in a telephone call with James, a duly authorized representative of Defendant, who stated that he was an attorney calling in an attempt to collect a debt allegedly owed by Plaintiff to Verizon Wireless.

15. Despite the fact that Defendant is a law firm, upon information and belief, James is not an attorney.

16. During the course of the aforementioned telephone call, Defendant stated that if Plaintiff did not pay the debt she allegedly owed within 48 hours then Defendant would file a lawsuit against her for the alleged debt.

17. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

18. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

19. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

20. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

21. At no time during the course of the aforementioned telephone call between Plaintiff and Defendant, did James inform Plaintiff of the name of Defendant's law firm and/or business entity.

22. At no time during the course of the aforementioned telephone call did Defendant advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

23. On or about October 29, 2009, Defendant initiated a telephone to Plaintiff after 9:00 p.m.

24. In or around October 2009, Mr. Al Jones, Defendant's duly authorized representative initiated a telephone call to Plaintiff and left a voice mail message for Plaintiff stating that he was with the firm of Stephens & Michaels.

25. At no time during the course of the aforementioned voice mail message did Defendant apprise Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

26. The aforementioned statements, in conjunction with Defendant's failure to apprise Plaintiff that it was a debt collector, had the effect of conveying to an unsophisticated consumer that Al was an attorney.

27. Despite the fact that Defendant is a law firm, upon information and belief, Al is not an attorney.

28. On or about January 10, 2010, Defendant initiated a telephone call to Plaintiff after 9:00 p.m.

29. In or around February 2010, Samantha, Defendant's duly authorized representative initiated a telephone call to Plaintiff and left a voice mail message for Plaintiff stating that she was calling from the firm of Stephens, Michaels & Associates.

30. At no time during the course of the aforementioned voice mail message did Defendant apprise Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

31. During the aforementioned voicemail message, Defendant stated that it was "very important" that Plaintiff return Defendant's call on that same date.

4

32. The aforementioned statements, in conjunction with Defendant's failure to apprise Plaintiff that it was a debt collector, had the effect of conveying to an unsophisticated consumer that Samantha was an attorney.

33. Despite the fact that Defendant is a law firm, upon information and belief, Samantha is not an attorney.

34. On or about February 4, 2010, Defendant initiated a telephone call to Plaintiff and left an automated voice mail message for Plaintiff. The aforementioned voice mail message stated, on multiple occasions, it was "very important" that Defendant speak with Plaintiff.

35. At no time during the course of the aforementioned voicemail message did Defendant provide information relative to the caller's identity.

36. At no time during the course of the aforementioned voicemail message did Defendant advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

37. On or about March 23, 2010, Defendant initiated three (3) telephone calls to Plaintiff in a single day.

38. On or about March 23, 2010, two (2) of the aforementioned telephone calls were initiated by Defendant to Plaintiff before 8:00 a.m.

39. From in or around October 2010 through in or around April 2010, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff in a single day.

40. The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

5

41. During the course of its telephone calls with Plaintiff, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

42. During the course of its telephone calls with Plaintiff, Defendant's duly authorized representatives failed to identify themselves to Plaintiff.

43. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

44. In its attempts to collect the debt allegedly owed by Plaintiff to Verizon Wireless, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

　　a. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

　　b. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

　　c. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

　　d. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

　　e. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

　　f. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

g.  Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

h.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

i.  Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

j.  Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

k.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

45. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

46. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GABRIELLE HUNT, by and through her attorneys, respectfully prays for judgment as follows:

a.  All actual compensatory damages suffered;

b.  Statutory damages of $1,000.00;

c.  Plaintiff's attorneys' fees and costs;

d.  Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**GABRIELLE HUNT**

By:   s/ David M. Marco
      Attorney for Plaintiff

7

Dated: June 3, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us